UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Ann Franklin<br>2327 S. 59th Ave.<br>Cicero, IL 60804<br><br>  Plaintiff,<br><br>v.<br><br>Mercantile Adjustment Bureau, LLC<br>c/o National Registered Agents, Inc,<br>Registered Agent<br>200 W Adams Street<br>Chicago, IL 60606<br><br>  Defendant. | FILED: AUGUST 07, 2008<br>08CV4476<br>CASE NO.: JUDGE KENDALL<br>     MAGISTRATE JUDGE NOLAN<br><br>JUDGE: DAJ<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY, AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

**JURISDICTION AND VENUE**

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 and under the doctrine of Supplemental Jurisdiction pursuant to 28 U.S.C. §1367(a). Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

**FACTS COMMON TO ALL COUNTS**

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around February 5, 2008, Defendant telephoned Plaintiff.

8. During this communication, Defendant asked for Plaintiff's employment information and Plaintiff's telephone number at her place of employment.

9. Plaintiff refused to provide Defendant with Plaintiff's work telephone number and stated that she would not be able to speak to Defendant about the debt at work.

10. Despite Plaintiff's notice, on or around February 20, 2008, Defendant contacted the central administration office for the school district that employs Plaintiff and obtained Plaintiff's work telephone number.

11. On or around February 25, 2008, Defendant telephoned Plaintiff at work and left Plaintiff a message to call Defendant.

12. On or around February 25, 2008, Plaintiff telephoned Defendant in response to the above referenced message.

13. During this communication, Plaintiff again told Defendant not to telephone Plaintiff at work.

14. Despite plaintiff's repeated notices that calls to her work telephone were inconvenient, Defendant telephoned Plaintiff at work on several more occasions throughout March and April 2008.

15. On or around February 26, 2008, Defendant telephoned Plaintiff at Plaintiff's residence.

16. During this communication, Defendant spoke to Plaintiff in a hostile and belligerent manner.

17. During this communication, Defendant threatened to recover the debt from Plaintiff's paychecks.

18. During this communication, Defendant further threatened that Defendant would be seeking a lien on Plaintiff's house and any other property that Plaintiff owned.

19. At the time of this communication, Defendant had neither the intent nor the ability to carry out its threatened actions.

20. Despite already having Plaintiff's location information, Defendant telephoned Plaintiff's ex-mother in-law on or around March 20, 2008, with no justification for such contact.

21. During this communication, Defendant misrepresented itself as an old friend of Plaintiff's.

22. In or around early April 2008, during a telephone communication between Plaintiff and Defendant, Defendant offered to accept a payment of $2500 to resolve the debt in full and Plaintiff agreed to pay $2500.

23. During this communication, Defendant stated that Defendant would send Plaintiff a written settlement agreement.

24. On or around April 11, 2008, Plaintiff received a letter from Defendant indicating that Defendant was willing to settle the account in full for $2600.

25. On or around April 11, 2008, Plaintiff telephone Defendant to inquire about the terms of the settlement agreement.

26. During this communication, Defendant spoke to Plaintiff in a hostile and belligerent manner.

27. During this communication, Defendant told Plaintiff that Defendant could charge whatever it wanted and did not have to explain anything to Plaintiff.

28. During this communication, Defendant threatened to revoke its settlement offer completely if Plaintiff did not agree to pay $2600.

29. During this communication, Defendant threatened to contact Plaintiff's mortgage holder directly about the debt.

30. During the week of April 21, 2008, Plaintiff's mortgage holder contacted Plaintiff in response to a telephone call it had received in which someone claiming to be Plaintiff had asked for information about Plaintiff's accounts.

31. Plaintiff did not make the above referenced communications to her mortgage holder and believes that Defendant contacted the mortgage holder and pretended to be Plaintiff.

32. Defendant damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

33. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. Defendant violated 15 U.S.C. §1692c by calling Plaintiff at a time and/or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

37. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

38. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

39. Defendant violated 15 U.S.C. §1692d in that Defendant used obscene and/or abusive language during its communications in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

40. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

41. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

42. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

43. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

44. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

45. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the Debt.

## COUNT SEVEN

### Invasion of Privacy by Intrusion upon Seclusion

46. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

47. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

48. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

49. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

50. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

51. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## JURY DEMAND

52. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

53. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

   c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: s/Timothy J. Sostrin
    Timothy J. Sostrin
    Bar ID # 6290807
    233 S. Wacker
    Sears Tower, Suite 5150
    Chicago, IL 60606
    Telephone: 866-339-1156
    Email: tjs@legalhelpers.com
    Attorneys for Plaintiff